# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 21, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| URIEL ZAMORA, as father and natural guardian of minor, A.Z. and EDNA FRIAS, as mother and natural guardian of minor, A.Z., | * * * * * | PUBLISHED |
| Petitioners, | * * | No. 19-1718V |
| v. | * * | Special Master Nora Beth Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Damages Award; Influenza ("Flu") Vaccine; Hepatitis A Vaccine; Opsoclonus Myoclonus Syndrome ("OMS"); |
| Respondent. | * * | Opsoclonus Myoclonus Ataxia ("OMA"). |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioners.
James Vincent Lopez, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING DAMAGES BASED ON PROFFER**[1]

On November 5, 2019, Uriel Zamora and Edna Frias ("Petitioners"), father and mother and natural guardians of their minor child, A.Z., filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioners alleged that as a result of receiving the influenza ("flu")

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

vaccine on November 30, 2016 and the hepatitis A vaccine on December 14, 2016, A.Z. developed ataxia and opsoclonus myoclonus syndrome ("OMS"), also known as opsoclonus myoclonus ataxia ("OMA"). Petition at Preamble (ECF No. 1). On August 28, 2023, the undersigned issued a ruling finding Petitioners entitled to compensation. Ruling on Entitlement dated Aug. 28, 2023 (ECF No. 96).

On February 20, 2024, Respondent filed a Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A. In the Proffer, Respondent represented that Petitioners agree with the proffered award. Proffer at 1-3. Based on the record as a whole, the undersigned finds that Petitioners are entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards Petitioners:

(1) **A lump sum payment of $11,382.64 for past unreimbursable expenses, in the form of a check payable to Petitioners.**
(2) **An amount of $130,000.00 to purchase the annuity contract described in section II.B. of the Proffer.**

Proffer at 2, 4. This amount represents all elements of compensation to which Petitioners are entitled under § 15(a). Id.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| URIEL ZAMORA, as father and natural guardian of minor, A.Z. and EDNA FRIAS, as mother and natural guardian of minor, A.Z., <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 19-1718V <br> Special Master Dorsey <br> ECF |

**RESPONDENT'S PROFFER OF DAMAGES**

**I.     Procedural History**

On November 5, 2019, Uriel Zamora and Edna Frias ("petitioners") filed a petition under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, as amended ("Vaccine Act" or "Act"), alleging that, as a result of A.Z.'s receipt of the influenza ("flu") vaccine on November 30, 2016, and the Hepatitis A ("Hep A") vaccine on December 14, 2016, A.Z. suffered from ataxia and opsoclonus-myoclonus syndrome, also known as opsoclonus ataxia.  Petition at Preamble (ECF No. 1).  On June 23, 2020, respondent filed his Vaccine Rule 4(c) report set forth his position that this case was not appropriate for compensation.  ECF No. 30.  On September 22, 2023, the Special Master issued a Ruling on Entitlement, finding that petitioners were entitled to vaccine compensation.  ECF No. 98.[1]

---

[1] The parties have no objection to the amount of the proffered award of damages.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek review of the Special Master's September 22, 2023, Ruling on Entitlement, finding petitioners entitled to an award under the Vaccine Act.  This right accrues following the issuance of the damages decision.

## II.     Items of Compensation and Form of the Award

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through a lump sum and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

### A.     Past Unreimbursable Expenses

Evidence supplied by petitioners documents their expenditure of past unreimbursable expenses related to A.Z.'s vaccine-related injury.  Respondent proffers that petitioners should be awarded past unreimbursable expenses in the amount of $11,382.64, in the form of a check payable to petitioners.  Petitioners agree.

### B.     Pain and Suffering

For pain and suffering, an amount not to exceed $130,000.00 to purchase an annuity contract,[3] paid to the life insurance company[4] from which the annuity will be purchased,[5] subject to the conditions described below, that will provide payments to A.Z. as set forth below:

---

[2]  Should A.Z. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner.  Petitioners and petitioners' heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[4]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

2

    a.  A certain Lump Sum of $76,493.85 payable on April 30, 2036.

    b.  A certain Lump Sum of $88,673.80 payable on April 30, 2039.

    c.  A certain Lump Sum of $101,897.66 payable on April 30, 2042.

The purchase price of the annuity described in this section II.B shall neither be greater nor less than $130,000.00. In the event that the cost of the certain lump sum annuity payments set forth above varies from $130,000.00, the certain lump sum payable on April 30, 2042, shall be adjusted to ensure that the total cost of the annuity is neither less than nor greater than $130,000.00. Should A.Z. predecease payment of any of the certain lump sum payments set forth above, said payments shall be made to his estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of A.Z.'s death.

    These amounts represent all elements of compensation to which A.Z. would be entitled under 42 U.S.C. § 300aa-15(a). Petitioners agree.[6]

---

    a.  A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b.  Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

[6] At the time payment is received, A.Z. will be an adult, and thus guardianship is not required. However, petitioners represent that they presently are, or if necessary, will become, authorized to serve as guardians/conservators of A.Z's estate as may be required under the laws of the State of Texas.

**III.   Summary of Recommended Payments Following Judgment**

    A.    Past Unreimbursble Expenses:    **$11,382.64**

    B.    An amount of $130,000.00 to purchase the annuity contract described above in section II.B.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

*s/James V. Lopez*
JAMES V. LOPEZ
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-3655
james.lopez@usdoj.gov

DATED: February 20, 2024

4